UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELOY CERON, CARLOS MEJIA SINTO, and
ANDRES MORATILLA on behalf of
themselves and all others similarly situated,

                    Plaintiffs,

            v.

DANIEL KLEIN, ABBA KLEIN, and REAL
KOSHER ICE CREAM INC. d/b/a KLEIN'S
REAL KOSHER ICE CREAM,

                    Defendants.

**CLASS AND COLLECTIVE
ACTION COMPLAINT AND
JURY DEMAND**

Plaintiffs, Eloy Ceron, Carlos Mejia Sinto, and Andres Moratilla ( "Plaintiffs"), on behalf of themselves and all other similarly-situated individuals, by and through their undersigned counsel, The Law Offices of Jeffrey E. Goldman, respectfully allege as follows:

## NATURE OF THIS ACTION

1.      Upon information and belief, Defendants, Daniel Klein ("Daniel Klein") and Abba Klein ("Abba Klein"), own and operate Defendant, Real Kosher Ice Cream Inc. d/b/a Klein's Real Kosher Ice Cream ("Real Kosher Ice Cream"), a large ice cream company that sells dairy ice cream, dairy-free vegan ice cream, and specialty deserts located in Brooklyn, New York.

2.      Klein's is managed on a day-to-day basis by the owners and other individuals named: "Yossy," "Shimmy," and others.  Plaintiffs are current and former full-time employees of Real Kosher Ice Cream.

3.      In violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), Defendants Daniel, Abba, and Real Kosher Ice Cream (hereinafter collectively referred to as "Defendants") failed to pay Plaintiffs, and similarly-situated employees, for overtime hours

they worked, spread of hours pay, and at all times relevant to this lawsuit, failed to provide Plaintiffs, and similarly-situated employees, with proper wage notices and adequate paystubs.

4.      Defendants also failed or refused to pay Plaintiffs and others for all of the hours they worked.  This is an action to recover the unpaid wages and overtime that are owed to Plaintiffs and their coworkers.  Plaintiffs also seek penalties for Defendants' notice and recordkeeping violations.

## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").  This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

7.      Plaintiff, Eloy Ceron ("Ceron"), was employed by Defendants as a full-time laborer for a period of about four (4) years, from 2012 to 2016.  Copies of Plaintiff Ceron's paystubs are attached hereto as "Exhibit 1."

8.      Plaintiff, Carlos Mejia Sinto ("Sinto"), was employed by Defendants as a full-time laborer.  Copies of Plaintiff Sinto's paystubs are attached hereto as "Exhibit 2."

9.      Plaintiff, Andres Moratilla ("Moratilla"), is employed by Defendants as a full-time laborer for a period of about two (2) years, from 2015 to the present.

10.    Upon information and belief, Daniel Klein is and has at all relevant times been the owner or part-owner of Real Kosher Ice Cream.

11.    At all times relevant to this lawsuit Daniel Klein had the power to hire and fire employees, set employee wages, retain time and/or payroll records, and otherwise control the terms and conditions of Plaintiff's employment.

12.    Daniel Klein is an employer within the meaning of the NYLL. Further, Daniel Klein acted through his employees, including "Yossy" "Shimmy" and others.

13.    Upon information and belief, Abba Klein is and has at all relevant times been the owner or part-owner of Real Kosher Ice Cream.

14.    At all times relevant to this lawsuit Abba Klein had the power to hire and fire employees, set employee wages, retain time and/or payroll records, and otherwise control the terms and conditions of Plaintiff's employment.

15.    Abba Klein is an employer within the meaning of the NYLL. Further, Abba Klein acted through his employees, including "Yossy" "Shimmy" and others.

16.    Defendant, Real Kosher Ice Cream, is located at 3614 15th Avenue, Brooklyn, New York 11218 with additional locations at 2 Church Avenue, Brooklyn, New York 11218, 1725 Avenue M, Brooklyn, New York 11230, and 873 Bedford Avenue, Brooklyn, New York 11205.

17.    Real Kosher Ice Cream is comprised of a large ice cream warehouse and/or factory and retail store fronts.

18.    Real Kosher Ice Cream is an employer within the meaning of the NYLL.

19.    Real Kosher Ice Cream appears on all of Plaintiffs' paychecks.

20.    "Yossi" hired Plaintiff, Moratilla.

21.    "Yossi" and "Shimmy" acted as a direct supervisors of Plaintiffs and others.

22.     Upon information and belief, Daniel Klein and Abba Klein are in charge of the payroll.  Daniel Klein gave Plaintiff Moratilla, and others similarly situated, their weekly wages, by handing them envelopes containing cash and purported "paystubs."

23.     Upon information and belief Daniel Klein and Abba Klein, acting though "Yossy" and "Shimmy" have the power to hire and fire employees.

## FLSA COLLECTIVE ALLEGATIONS

24.     Plaintiffs Ceron, Sinto, and Moratilla bring Count 1 as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after August of 2014 ("FLSA Collective Plaintiffs").

## NYLL CLASS ALLEGATIONS

25.     Plaintiffs bring Counts 2 through 5 individually, and as representative**s** of a class, under CPLR Article 9 consisting of all manual laborers, including cleaners, stockers, packer, drivers, and/or maintenance workers employed by Defendants ("Class") on or after August, 2012 through entry of judgment in this case ("Class Period").

26.     The Class is so numerous that joinder of all Class members is impracticable. Although the precise number of such persons is unknown and within the sole knowledge of Defendants, Plaintiffs estimate that the Class exceeds 40 members.  At any one time, there were between 30 and 65 employees working at Real Kosher Ice Cream. The Class is sufficiently numerous to warrant certification.

27.     The claims of all Class members present common questions of law or fact, which predominate over any questions affecting only individual members, and include, *inter alia*:

> a.  Plaintiffs, and similarly-situated employees, were not properly paid for overtime;

b.  Whether the paystubs accurately reflected at all times the amount paid to Plaintiffs, and similarly-situated employees;

c.  Whether Defendants failed to provide Plaintiffs, and similarly-situated employees, with proper notices and adequate wage statements;

d.  Whether Plaintiffs, and similarly-situated employees, worked "spread of hours"; and

e.  Whether Defendants failed or refused to compensate Plaintiffs, and similarly-situated employees, for all "spread of hours" worked.

28.     Plaintiffs' claims are typical of those of the Class because Plaintiffs are current and former employees of Defendants and have sustained damages as a result of Defendants' failure to pay proper wages, including overtime and spread of hours. The defenses that likely will be asserted by Defendants against Plaintiffs are typical of the defenses that Defendants will assert against the Class.

29.     Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced in pursuing complex and class action litigation under the wage and hour provisions of the New York Labor Law and who will adequately and vigorously represent the interests of the class.

30.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy alleged herein for at least the following reasons:

a.  This action will cause an orderly and expeditious administration of the Class claims; economies of time, effort and expense will be fostered; and uniformity of decision will be ensured;

b.  Class members employed by Defendants for short periods of time and who suffered nominal damages would not otherwise suffer the expense and effort of bringing an individual claim;

c.  Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants; and

d.  Without a class action, Defendants will likely retain the benefit of their wrongdoing and continue a course of action which will result in further damages to Plaintiff and to members of the Class.

31.  The members of the NYLL Class are readily ascertainable.  The number and identity of the Class members are determinable from Defendants' records.  The hours assigned and worked, positions held, and rates of pay for each Class member are also determinable from Defendants' records.  For notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided to the Class members by first class mail to the last address known to Defendants or by posting signs in the workplace.

**STATEMENT OF FACTS**

32.  Defendants committed the following acts knowingly, intentionally and willfully.

33.  Plaintiffs, and the other members of the Class, are or were employed by Defendants at Real Kosher Ice Cream.

34.  The Class includes all hourly employees of Defendants who worked as manual laborers, cleaners, stockers, packers and/or maintenance workers who worked at Real Kosher Ice

6

Cream, at any time on or after August 2011 through entry of judgment in this case. The Class does not include managerial employees, such as Daniel Klein, Abba Klein, "Yossi" or "Shimmy."

35.    Plaintiffs clocked-in and out of work on a machine located within the warehouse/factory.

36.    Plaintiffs, and the proposed Class members, routinely worked more than 40 hours per week throughout the Class period.

37.    Plaintiffs estimate that they worked at Real Kosher Ice Cream approximately 60 to 80 hours each week, on average.

38.    Plaintiffs were never paid at the overtime rate for work in excess of forty (40) hours per workweek.

39.    Upon information and belief, other Class members were not paid at overtime rate for work in excess of forty (40) hours per workweek during the Class period.

40.    Defendants never compensated Plaintiffs for their overtime hours.

41.    Upon information and belief, other Class members also never received overtime.

42.    Upon information and belief, Plaintiffs, and other Class members, regularly worked more than 10 hours per day throughout the Class Period. Defendants did not pay Plaintiffs, and the other Class members, the required additional hour of pay at the minimum wage rate for each day of "spread of hours" worked.

43.    Plaintiffs did not receive written notices as required by NYLL § 195(1). Specifically, Plaintiffs did not receive written notices in English and/or in their primary language, which is Spanish.

44.    Upon information and belief, other Class members did not receive §195(1) notices in English and/or in their primary languages.

45.    Plaintiffs, and other Class members, did not receive yearly §195(1) notices during the time period when annual notices were required by the NYLL.

46.    Plaintiffs, and the other Class members', paystubs did not include all of the information required by NYLL § 195(3).

47.    Throughout the entire Class Period, Plaintiffs, and the other Class members', paystubs did not include information about "spread of hours." This is also a violation of §195(3).

48.    The paystubs do not reflect the overtime rate of pay or all of the overtime hours worked by the Plaintiff and the other Class members.

49.    Upon information and belief, Defendants Daniel Klein and Abba Klein were in charge of Defendants' payroll practices at all relevant times.

50.    Daniel Klein and Abba Klein, through "Yossi" and "Shimmy," had the power to hire and fire employees and discipline employees.

## COUNT 1
### (FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*, Brought by all Plaintiffs, on Behalf of Themselves, and the FLSA Collective Plaintiffs)

51.    Plaintiffs, Ceron, Sinto, and Moratilla, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth herein.

52.    Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs and the members of the FLSA Collective the full federal overtime rate of one and a half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime pay.

53.     Defendants failed to pay the Plaintiffs, and  the members of the FLSA Collective, all of the overtime hours that they worked.

54.     Defendants' unlawful conduct was willful within the meaning of the FLSA, 29 U.S.C. § 255(a), so a three year statute of limitations applies.

55.     Plaintiffs, Ceron, Sinto, and Moratilla, on behalf of themselves and the members of the FLSA Collective, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**COUNT 2**
**(New York Overtime Violations, NYLL §§ 650 *et seq.*,**
**N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4,**
**Brought by all Plaintiffs, on Behalf of All Similarly Situated Individuals,**
**Against Each and Every Defendant)**

56.     Plaintiffs, Ceron, Sinto, and Moratilla, on behalf of themselves and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

57.     All Defendants knowingly failed to pay Plaintiffs, and the proposed Class members, the proper overtime rate of one and a half times the minimum wage for work in excess of forty (40) hours per workweek.

58.     Plaintiffs and the proposed members of the Class usually worked more than forty (40) hours per week, but were never paid the proper overtime wage.

59.     As a result of Defendants' willful and intentional unlawful conduct, Plaintiffs, and the proposed Class members, are entitled to damages in an amount to be determined at trial, attorneys' fees, costs, interest, all other damages available under New York law, and such other relief as this Court deems just and proper.

**COUNT 3**
**(Spread of Hours Violations, NYLL §§ 190 et seq.,**
**650 et seq., and 12 NYCRR § 137-1.7 and 137-3.11,**
**Brought by all Plaintiffs, on Behalf of All Similarly Situated Individuals,**
**Against Each and Every Defendant)**

60.     Plaintiffs, Ceron, Sinto, and Moratilla, on behalf of themselves and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

61.     Defendants failed to pay Plaintiffs one additional hour's pay at the minimum wage rate for each day Plaintiffs worked more than ten hours, in violation of the NYLL §§ 190 *et seq.* and 650 *et seq.* and 12 NYCRR § 137-1.7 and 137-3.11.  Defendants failed to pay other Class members "spread of hours" pay for each day of "spread of hours" worked.

62.     Defendants' failure to pay "spread of hours" pay was willful.

63.     As a result of Defendants' unlawful conduct, Defendants are liable to the Plaintiffs, and the Class members, for damages in an amount to be determined at trial.

**COUNT 4**
**(Notice & Recordkeeping violations under NYLL § 195 (1)**
**brought by all Plaintiffs, on Behalf of All Similarly Situated Individuals,**
**Against Each and Every Defendant)**

64.     Plaintiffs, Ceron, Sinto, and Moratilla, on behalf of themselves and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

65.     All Defendants failed to provide Plaintiffs with adequate notices in English and in their primary language, Spanish, in violation of NYLL § 195(1).  Upon information and belief, Defendants also failed to provide the other Class members with notices in English and their primary languages, in violation of NYLL § 195(1).

66. Upon information and belief, Defendants failed, or refused to provide, Plaintiffs and other Class members with annual notices during the years when such notices were required by NYLL § 195(1).

67. Defendants' failure to provide such notices was willful.

68. As a result of Defendants' unlawful conduct, Defendants are liable to each Plaintiff, and Class member, for damages in an amount to be determined at trial, including penalties pursuant to NYLL § 198(1-b) per each member of the Class, along with costs and attorney's fees.

**COUNT 5**
**(Wage Statement violations under NYLL § 195 (3)**
**brought by all Plaintiffs, on Behalf of All Similarly Situated Individuals,**
**Against Each and Every Defendant)**

69. Plaintiffs, Ceron, Sinto, and Moratilla, on behalf of themselves and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

70. NYLL § 195(3) requires employers to "furnish each employee with a statement with every payment of wages . . . [including] the overtime rate . . . and the number of overtime hours worked."

71. All Defendants failed to provide Plaintiffs, and members of the Class, with a statement including the accurate overtime rate and number of overtime hours worked.

72. Plaintiffs' paystubs do not accurately reflect the number of hours actually worked.

73. Plaintiffs' paystubs do not reflect the overtime rate of one and a half times the minimum wage for work in excess of forty (40) hours per workweek.

74. Defendants failed to include information about "spread of hours" pay on Plaintiff's paystubs, in violation of NYLL § 195(3).

75. Defendants' failure to provide adequate wage statements was willful.

11

76.    As a result of Defendants' unlawful conduct, Defendants are liable to each Plaintiff, and Class member, for damages in an amount to be determined at trial, including penalties pursuant to NYLL § 198(1-d) per each member of the Class, along with costs and attorney's fees.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and those similarly situated to them, respectfully request the following relief:

A.    Designation of this action as a collective action on behalf of the members of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.    Designation of Plaintiffs Ceron, Sinto, and Moratilla  as Representatives of the FLSA Collective Plaintiffs;

C.    Certification of this action as a class action; employed by Defendants at Klein's Kosher Ice Cream as manual laborers, including cleaners, stockers, packers, and/or maintenance workers on or after August, 2012;

D.    An award of damages, including back wages, overtime and other unpaid wages, according to proof, to be paid by Defendants;

E.    Penalties available under applicable laws;

F.    Liquidated damages;

G.    Civil penalties under § 198 (1-b) for each violation and for each named Plaintiff and Class member, in an amount to be determined at trial;

H.     Civil penalties under § 198(1-d) for each violation and for each named Plaintiff and

Class member, in an amount to be determined at trial;

I.     Pre-judgment and post-judgment interest;

J.     Attorneys' fees and costs; and

K.     Such other relief as the Court sees fit to award.

## DEMAND FOR JURY TRIAL

A jury trial is requested on all claims alleged herein.

Dated: New York, NY
       August 28, 2017

                                                /s/
                              By:_____
                                 Jeffrey E. Goldman, Esq.
                                 Thomas H. Andrykovitz, Esq.
                                 THE LAW OFFICES OF JEFFREY E. GOLDMAN
                                 501 Fifth Ave., Suite 1900
                                 New York, NY  10017
                                 T: 212-983-8999
                                 F: 646-693-2289
                                 *Attorneys for Plaintiffs*